USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8-3-05

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSE YAPOR,

                Petitioner,

- against -

WILLIAM MAZZUCA,

                Respondent.

04 Civ. 7966 (RCC) (AJP)

MEMORANDUM & ORDER
ADOPTING REPORT &
RECOMMENDATION

**RICHARD CONWAY CASEY, United States District Judge:**

    Petitioner Jose Yapor ("Petitioner"), proceeding pro se, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (2000). The case was referred to Chief Magistrate Judge Andrew J. Peck who, by Report and Recommendation ("Report") dated April 19, 2005, recommended that the petition be denied. Petitioner objects to the Report in its entirety. For the reasons set forth below, the Court adopts the Report and denies the petition.

**I. Background**

    The Court briefly recounts the relevant facts here. In February 1997, Petitioner was working as a cashier at the Inwood Pool Hall ("Hall") in Manhattan when he was involved in an altercation with Welcar Dominguez, a regular patron of the Hall. During the altercation, Petitioner drew a gun and had to be restrained by others in the Hall. In the weeks following the incident, Dominguez passed by the Hall and stared at Petitioner.

    On April 20, 1997, Dominguez and five friends were drinking and playing dice across the street from the Hall. The Hall's owner, Geromino Landestoy, approached Dominguez and asked him to stop coming to the Hall because he was making Petitioner nervous. Petitioner then went outside and an argument between Petitioner and Dominguez ensued. While the nature and specifics of the exchange are unclear, immediately following the argument Petitioner shot and killed Dominguez. Petitioner fled to Orlando, Florida, where he turned himself in to the police four days later. Petitioner was charged with second degree murder, second degree attempted murder, second degree assault, second degree criminal possession of a weapon, and first degree reckless endangerment under New York law.

    **A. Petitioner's State Trial Proceedings**

    During evidentiary hearings before trial, the trial court ruled that the prosecution could introduce evidence that: (1) Petitioner had a gun on his person during the February 1997 altercation with Dominguez for the purpose of demonstrating intent; and (2) Petitioner's wife was arrested for drug possession for the limited purpose of demonstrating that her arrest was not a ploy to "smoke out" Petitioner. Defense counsel objected to both rulings.

With respect to the testimony at trial relating to Petitioner's wife's arrest, the judge gave a limiting instruction and told the jury it could not consider her arrest as evidence of the Petitioner's guilt.

At trial, the prosecution called Milagros Rivera Hernandez as a fact witness. On cross examination, defense counsel asked Hernandez if she had "hear[d] that [Petitioner] had a bad reputation for peaceableness?" Report at 6. The court allowed the prosecution, on re-direct, to challenge Hernandez's credibility as a character witness and ask her if she had "heard that [Petitioner] . . . was fired from the [Sheraton] hotel because he was violent." Report at 7. After the prosecutor's question, the court immediately gave the jury a limiting instruction that the prosecutor's question was "only to show [Hernandez's] ability to accurately reflect the [Petitioner's] reputation. Report at 7 (quoting Tr. 520). Defense counsel thereafter sought to introduce a letter from the employment agency that assigned Petitioner to the Sheraton Hotel. The court excluded the letter, reasoning its limiting instruction would prevent the jury from considering the question about the Sheraton incident for its truth. The judge repeated the limiting instruction to the jury at the conclusion of the trial.

At the pre-charge conference, the court granted defense counsel's request that the jury be instructed on the defenses of extreme emotional disturbance and self defense. Defense counsel did not object to the substance of the court's instructions on these topics. During its deliberation, the jury sent a number of notes to the judge. The judge responded to all the notes, again, without objection from defense counsel.

The jury found Petitioner guilty of first degree manslaughter, second degree possession of a criminal weapon, and first degree reckless endangerment. At sentencing, defense counsel remarked that the jury had "found room to make allowances here," and he asked that "the [c]ourt continue on that road laid out by the jury [by] . . . add[ing] the touch of mercy. . . ." Report at 15. The judge sentenced Petitioner to twelve and one-half to twenty-five years on the first degree manslaughter count, to run concurrently with the sentences of seven and one-half to fifteen years on the second degree possession of a weapon count and two and one-third to seven years on the first degree reckless endangerment count. The sentence for each count was the maximum permissible under the law.

### B. Petitioner's Direct Appeal
In his appeal to the First Department, Petitioner claimed that: (1) he was denied a fair trial when the trial court allowed a character witness to be cross-examined without a good faith basis about Petitioner's termination from a job; (2) he was denied his right to due process and a fair trial when the trial court admitted evidence that his wife had been arrested for a drug crime; (3) he was denied a fair trial when the trial court allowed the prosecutor to introduce evidence that Petitioner had possessed a gun during a prior altercation with the decedent; (4) he was deprived of his right to a jury verdict because of erroneous jury instructions on extreme emotional disturbance and self defense; (5) he received ineffective assistance of trial counsel at sentencing; and (6) his sentence to the maximum term was excessive and should be reduced.

The First Department affirmed Petitioner's conviction and declined to reduce his sentence. People v. Yapor, 764 N.Y.S.2d 261 (1st Dep't 2003). The First Department held that the evidentiary rulings challenged by Petitioner were "appropriate exercises of discretion by the trial judge," Petitioner received effective counsel, and that there was no basis to reduce his sentence. Id. at 262. Petitioner's application for leave to appeal to the New York Court of Appeals was denied. People v. Yapor, 775 N.Y.S.2d 798 (2003).

## II. Discussion
### A. Standard of Review

The court reviews de novo all portions of the magistrate's report to which there are objections. 28 U.S.C. § 636(b)(1)(C) (2000). Section 2254 of title 28, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

A state court decision is barred from habeas review when it has been adjudicated on the merits in the state court, with res judicata effect, and is neither contrary to, nor an unreasonable application of, clearly established federal law as determined by the Supreme Court. Medellin v. Dretke, 125 S.Ct. 2088, 2091 (2005) (citing 28 U.S.C. § 2254(d)(1)). It is the state court's ultimate decision, and not its reasoning, which determines whether the decision is on the merits. Sellan v. Kuhlman, 261 F.3d 303, 311-12 (2d Cir. 2001). Therefore, "even if the state court does not explicitly refer to either the federal claim or to relevant federal case law," the deferential review standard applies. Id. at 312; see also Bell v. Cone, 125 S. Ct. 847, 85 (2005) ("Federal courts are not free to presume that a state court did not comply with constitutional dictates on the basis of nothing more than a citation."); Early v. Packer, 537 U.S. 3, 8 (2002) (holding that a state court is not required to cite Supreme Court cases, or even be aware of them, to be entitled to AEDPA deference, "so long as neither the reasoning nor the result of the state court decision contradicts them.").

A state court's decision will only be deemed "contrary to" clearly established federal law if the state court: (1) "arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law"; or (2) "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at [an opposite] result." Williams v. Taylor, 529 U.S. 362, 405 (2000). A state court's decision is based on an "unreasonable application" if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." Id. at 407-08. Finally, a federal court deciding a habeas claim must presume

3

that the state court's factual findings are correct, unless the petitioner rebuts the factual findings by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1).

### B. Petitioner was Not Denied Due Process

Petitioner asserts that his Fifth Amendment due process rights were violated when the state trial court (1) allowed a character witness to be questioned about Petitioner's termination from a previous job; (2) admitted evidence that his wife had been arrested for an unrelated drug crime; and (3) allowed the prosecution to introduce evidence that Petitioner had a gun during a prior altercation with the decedent.

As noted, habeas relief is limited to those situations where there has been a violation of a constitutionally protected right. 28 U.S.C. § 2254(a); Estelle v. McGuire, 502 U.S. 62, 68 (1991) (emphasizing "that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"). Generally, state court rulings on evidentiary issues are a matter of state law and do not raise constitutional issues. As demonstrated in the Report and a review of his objections, Petitioner did not meet his "very heavy burden of establishing the deprivation of a constitutional right" with respect to these rulings. Benitez v. Senkowski, No. 97 Civ. 7819 (DLC), 1998 WL 668079 at *4 (S.D.N.Y. Sept. 17, 1998). Accordingly, his dispute with the trial court's evidentiary rulings cannot provide a basis for federal habeas relief.

### C. Petitioner's Erroneous Jury Charge Claim is Barred

Petitioner argues that his constitutional rights were violated when the trial court erroneously charged the jury regarding extreme emotional disturbance and self defense. Because Petitioner did not object to the court's instructions during the trial, this claim is procedurally barred from federal review.

"Failure to comply with a state procedural rule bars federal habeas corpus review unless the Petitioner can show 'cause' for his failure to comply with the state rule and actual 'prejudice' created by the default." Coleman v. Thompson, 501 U.S. 722, 750 (1991); see also Parilla v. Goord, No. 02 Civ. 5443 (WHP), 2005 Wl 1422132, at *11 (S.D.N.Y. June 20, 2005) (same). The Second Circuit has explained that "federal habeas review is foreclosed when a state court has expressly relied on a procedural default as an independent and adequate state ground, even where the state court has also ruled in the alternative on the merits of the federal claim." Velasquez v. Leonardo, 898 F.2d 7, 9 (2d Cir. 1990).

Under New York law, generally, "points which were not raised at trial may not be considered for the first time on appeal." People v. Thomas, 429 N.Y.S.2d 584, 586 (1980) (citing C.P.L. § 470.05(2)). Neither defense counsel nor Petitioner himself objected to either the judge's charge to the jury or the supplemental instructions given in answer to the jury's questions that arose during deliberations. Failure to object at trial when required by C.P.L. § 470.05(2) is an adequate and independent state ground to bar federal habeas review. See Wainwright v. Sykes, 433 U.S. 72, 87 (1977) ("[Petitioner's] failure to timely object . . . amounted to an independent and adequate state procedural ground which would prevent direct review here.").

4

In addressing Petitioner's erroneous jury charge claims, the First Department stated they were "unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them." Yapor, 764 N.Y.S.2d at 262. In his objection to the Report, Petitioner correctly asserts that when "a state court uses language such as '[t]he defendant's remaining contentions are either unpreserved for appellate review or without merit,' the validity of the claim is preserved and is subject to federal review." Fama v. Comm'r of Corr. Servs., 235 F.3d 804, 810 (2d Cir. 2000). Here, however, the First Department clearly and unambiguously rejected Petitioner's claim on independent and adequate state procedural grounds, and therefore, federal habeas review is procedurally barred. See, e.g., id., at 810-11 ("[W]here a state court says that a claim is 'not preserved for appellate review' and then ruled 'in any event' on the merits, such a claim is not preserved"). Since Petitioner presents no evidence of cause, prejudice or a fundamental miscarriage of justice, his erroneous jury charge claim is procedurally barred.

### D. Petitioner's Ineffective Counsel Claim is Denied

To succeed on a Sixth Amendment ineffective assistance of counsel claim, Petitioner must be able to show that his counsel's performance fell below an objective standard of reasonableness, and that there was a reasonable possibility that, but for counsel's errors, the result of the case would have been different. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). There is a strong presumption that counsel's performance was within the wide range of reasonable professional assistance. "A court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury." Id. at 689. "[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." Id. at 697.

Petitioner claims that his trial counsel was ineffective at sentencing because he failed to argue for leniency and made no mention of the mitigating factors in Petitioner's case. Counsel did, however, remind the court that the jury had found that Petitioner had not acted intentionally, and that the act came from an emotionally disturbed state. Further Petitioner's defense counsel argued for leniency. Counsel's acknowledgment of the seriousness of Petitioner's actions prior to asking for leniency represented a reasonable strategy that did not fall below the level of constitutional sufficiency. See Perez v. Greiner, 01 Civ. 5522 (AKH), 2002 WL31132872 at *7-8 (S.D.N.Y. Sept. 25, 2002) (finding no ineffective assistance where defense counsel's strategy was to try not to further alienate the judge with unsupportable allegations that his client was a 'family man'). The fact that counsel did not advocate the mitigating factors Petitioner asserts he should have is a tactical decision reasonably based on the relative strength of those claims as compared to their potential to cause further damage to Petitioner's case. See, e.g., Perez, at *8 (finding that defense counsel is not obligated to set forth potentially mitigating factors "where he has made a tactical decision that to do so would only prejudice his client") (citations omitted).

Even if counsel's performance was deficient at sentencing, Petitioner has not shown that he was prejudiced. The trial judge at sentencing appeared constrained by the limits of the jury's verdict with respect to the maximum sentence he could legally impose on Yapor:

> If . . . the power were given to me to sentence the defendant to life, I would not have hesitated to give it . . . [T]he law does give me the power to impose a very substantial sentence on this defendant . . . [T]he facts of this case prove beyond any question that a maximum sentence is appropriate. There is no room for mitigation beyond the mitigation already given by law under a manslaughter first degree conviction.

Report at 15. Accordingly, Petitioner has failed to make a showing of ineffective assistance of counsel.

### E. Petitioner's Excessive Sentence Claim is Denied

Petitioner contends that his sentence of twelve and one half to twenty-five years, the statutory maximum for first degree manslaughter, should be reduced because he turned himself in to the authorities, admitted his culpability, expressed remorse, and did not have a history of violent criminal behavior. This excessive sentence claim does not provide a basis for habeas relief because "[n]o federal constitutional issue is presented where, as here, the sentence is within the range prescribed by state law." White v. Keane, 969 F.2d 1381, 1383 (2d Cir. 1992). Here, it is undisputed that Petitioner's sentence was within the range prescribed by state law. First degree manslaughter is a Class B felony, N.Y. Penal Law § 125.20, and for a second felony offender the court can impose a maximum sentence of twelve and one half to twenty-five years. N.Y. Penal Law §§ 70.06(3)(b), (4)(b). Because Petitioner's sentence is within the statutory range, it is not reviewable by this court for excessiveness. See White, 969 F.2d at 183 ("No federal constitutional issue is presented where . . . the sentence is within the range prescribed by state law.").

## III. Conclusion

For the foregoing reasons, the petition for a writ of habeas corpus is denied. Further, the Court declines to issue a certificate of appealability because Petitioner has not made a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c); see also Slack v. McDonald, 529 U.S. 473, 484 (2000). The Clerk of the Court is directed to close the case.

So Ordered: New York, New York
August 3, 2005

_____
Richard Conway Casey, U.S.D.J.